PITSIR MILLER *v.* KNIGHT.

1. PRINCIPAL AND SURETY. *When agreement for delay will discharge surety.* The taking of a deed of trust by the holder of a note, *prima facie*, is an additional or collateral security, and does not prevent the holder of the note from suing both the principal and surety, and, therefore, does not operate to discharge the surety, although taken without the consent of the surety, unless it is otherwise expressly agreed.

Cases cited : Hill *v.* Bostick, 10 Yer., 410 ; Decherd *v.* Blanton, 3 Sneed, 376 ; Lea *v.* Dozier, 10 Hum., 447.

---

Miller *v.* Knight.

---

2. SAME. The surety called on the holder and urged him to avail himself of the benefits of a deed of trust, and file the claim; the holder replied that the surety need not trouble himself about the note, that he had it secured. Afterward, the principal to the note became insolvent, and the holder brought suits on the note against the surety, who filed his bill and prayed to be discharged: *Held,* that the surety was not discharged on this state of facts.

---

FROM HARDEMAN.

---

Appeal from the Chancery Court. JAS. FENTRESS, Chancellor.

FENTRESS, STEPHENS & SMITH for complainant.

WOOD & McNEAL for defendant.

FREEMAN, J., delivered the opinion of the court.

Complainant was surety on a note for two thousand dollars, given by A. Moore & Co., L. L. Warr, and H. P. Rogers to L. T. Knight, dated January, 1866, due twelve months after date. He files this bill, claiming to be discharged from liability on two grounds: 1st. That Knight had made a binding agreement for delay for twelve months from the 4th day of July, 1866, in consideration of deed of trust made by Warr and Rogers, conveying an amount of property estimated at $10,000 to one Grant, to secure this and other debts in said deed mentioned, said agreement being without the knowledge or consent of complainant. 2d. That A. Moore, one of the makers of the note, had made a deed of trust of his individual and firm

Miller *v.* Knight.

property, the proceeds of the first to be applied to the payment of his individual debts, of the second to pay his firm debts: that complainant had called on Knight, and suggested that he file his claim with the trustee in this deed of trust, and accept the provisions of the trust, but that Knight told him that he need not be uneasy, that he had the note just where he wanted it, and perfectly secured, so that Miller would not be troubled with it. He charges that he insisted on Knight's accepting the benefits of this trust, which he failed and refused to do, with which conduct, complainant says, he was not satisfied.

It further appears that the principals in the note have become insolvent, and complainant has been sued on the note, and this bill seeks an injunction against the prosecution of that suit.

On the first question we need only say, that after full argument and careful investigation of the question at Nashville during last term of this court, we held, "that taking a deed of trust such as the one before us did not discharge the surety; that it was not a suspension of the debt, because not so expressly agreed nor necessarily implied from the terms of the deed: 10 Hum., 447.

In the language of the Supreme Court of the United States, in *United States* v. *Hodge*, 6 Har. R., 79: "*Prima facie* such an instrument is an additional or collateral security, and leaves the existing remedies of the creditor against both principal and surety intact." In addition, that it was for the benefit of the surety, as he would, on payment of the debt, be en-

9—VOL. 7.

titled to the benefit of the security thus taken by way of substitution.

The case of *Hill* v. *Bostick*, 10 Yer., 410, is not in conflict with this view, as what is called in the syllabus of the case an additional security, was, in fact, a new note, having four months to run, made by the principal.  This is a very different case from the one in this record.  We are satisfied with the rule laid down, and adhere to it.

As to the second question, the rule is correctly laid down in American Leading Cases, vol. 2, edition of 1871, as follows:  " A promise to look solely to the. debtor, or a promise to proceed· forthwith against him, is, when standing alone, *nudum pactum*, and can have no effect on the obligation of the surety ; and this is equally true of an allegation that the debt has been paid, and the surety will have no further trouble. When, however, the surety is induced by such an assurance to surrender the securities which he has received from the principal, or to forego any means of indemnity, or protection from, an estoppel will arise to the extent of the resulting loss.

Such was the case of *Carpenter* v. *King*, 9 Met., 511, where the surety had relinquished a security held by him on being told by the creditor that the debt had been paid, although, in fact, it had not been paid in full.

The principle on which representations such as are alleged in the bill, or such as are cited above, releases the surety is that of estoppel, where there must be " an admission or statement inconsistent with the as-

Miller *v.* Knight.

·sertion of the right claimed, an action of the other party upon such statement or admission, and injury as the result of such action." 3 Sneed, 376.

The allegations of the bill, that Knight told Miller that he had the note secured, and complainant would never be troubled about it, would not, under the above rules, be sufficient to release the surety, even if proven definitely, as no injury is shown to have resulted from the statement, no security given up, nor any means of indemnity or protection foregone in reliance on the fact charged.

We need not examine the evidence in detail, as it could not do more than prove ·the allegations of the bill.

The decree of the Chancellor dismissing the bill is affirmed, and a reference to the clerk to ascertain the value of gold when the note fell due, for which purpose, if desired, the case can be remanded. Costs to be paid by the complainant.